OPINION OF THE COURT
Memorandum.
Order dismissing the information affirmed.
Defendant was charged with violating section 14-14 of the Code of Ordinances of the City of Long Beach in that he engaged in business within the jurisdictional limits of the City of Long Beach without having obtained a mercantile license. The facts submitted to the court below are as follows: On October 10, 1977 the defendant, an employee of Mosler Safe Company, was servicing an alarm system at McLellan’s Store in Long Beach, New York. Neither the Mosler Safe Company nor the defendant had acquired a mercantile license prior to doing the work, nor did they have a place of business in the City of Long Beach. Mosler Safe Company has provided ser *139 vices for the alarm system at McLellan’s on a "long standing basis.”
In our opinion under the above-stated facts it is apparent that defendant did not violate the ordinance. Generally in New York, whether one is engaged in a particular business or profession for the purpose of a statute requiring a license therefor depends upon the extent of the services offered or rendered. The carrying on of a business, within the meaning of a statute requiring a license therefor, implies continuity of conduct in that respect, a continuous course of dealing, rather than an isolated transaction. (See 45 NY Jur, Permits and Licenses, § 16.) In the case at bar, it is apparent that defendant was not carrying on a business within the city. Indeed, the facts merely indicated that defendant on behalf of Hosier Corporation serviced an alarm system for one store within the territorial limits of the city. Certainly such limited contacts within the city cannot be deemed continuous. We pass on no other issues.
Concur: Farley, P. J., Slifkin and O’Gorman, JJ.